IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------------------------x

JENNY SCHIEBER
Bartenurastra 9
Jerusalem 92104
Israel

                          Plaintiff,

       v.

UNITED STATES OF AMERICA

SERVE:

Merrick Garland                         Civil Action No. 5:21-cv-
Attorney General of the United States
950 Pennsylvania Avenue, NW
Washington, D.C. 20224

COPY:

Channing D. Phillips
United States Attorney
United States Attorney's Office
555 4th Street, NW
Washington, D.C. 20530

                          Defendant

-------------------------------------------------------------------x

**COMPLAINT**

Plaintiff Jenny Schieber, by her undersigned attorneys, files this Complaint alleging:

**NATURE OF THE ACTION**

1. This is an action for declaratory relief under the Administrative Procedure Act

1

("APA") 5 U.S.C. §§701-706 and under the Declaratory Judgment Act ("DJA"), 28 U.S.C.§ 2101-02. The claim for declaratory relief seeks a judicial declaration that Defendant's actions in denying Plaintiff's claim for compensation under the Agreement on Compensation of Certain Holocaust Victims ("Agreement") (ECF No. 15-2) between France and the United States is arbitrary and capricious.

2.  Those eligible under the Agreement include survivors or spouses, or children of deceased survivors or spouses, standing in their shoes.  Otherwise eligible claimants are excluded if they, or the person on whose behalf they are making a claim are or were French citizens (or citizens of certain other countries).   The Agreement also states that a declaration on one's honor as to nationality is sufficient to satisfy the requirements regarding citizenship.

3.  Plaintiff seeks a declaration of the Court vacating the denial of her claims and awarding her compensation from the Holocaust Deportation Fund ("Fund") established under the Agreement, commensurate with her status as the child of a deceased surviving spouse.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331. In addition, this action arises under the Constitution and federal statutes or treaties, including the APA and the Agreement.  This Court has jurisdiction to grant declaratory and further necessary and proper relief pursuant to the DJA.

5.  The U.S. delegated the administration of the $60 million Fund to its agency, the Department of State ("State Department" or "State").  Plaintiff's claim was denied in a letter dated April 3, 2018 from the State Department, ("the Rejection"). The Rejection was a final agency action and there is no other adequate remedy available to Plaintiff, pursuant to 5 U.S.C. §704.

6.  Venue is correct in this Court pursuant to 28 U.S.C. §1391 (e)(2) because Defendant is located in this District and the alleged arbitrary and capricious conduct occurred in this District.

## PARTIES

7.  Plaintiff Jenny Schieber is a citizen and resident of Israel.

8.  Defendant United States is sued pursuant to the APA and the DJA for the arbitrary and capricious acts or omissions of its agency, the State Department.

## STATEMENT OF THE FACTS

9.  Mrs. Schieber's mother was deported to Auschwitz on July 31, 1943, where she was killed.  Her father Leizer survived and passed away in Antwerp, Belgium on August 1, 1964.

10.  Mrs. Schieber filed a claim on behalf of the estate of her father, a surviving spouse. However, on April 3, 2018, State rejected her claim, taking the position that she had provided no evidence of the fact that her father was stateless.  State did not claim however, that he was a citizen of Belgium or any other excluded country, merely stating that State had been unable to find proof of statelessness.

11. When the State Department rejected Plaintiff's sworn affidavits of nationality, it was an exercise of discretion which it did not have.  The language of the Agreement itself was a

3

mandate: for questions of nationality, the United States "shall rely on the sworn statement of nationality." The use of the word "shall" instead of "may" makes clear that it is not a discretionary decision as to whether an affidavit will be accepted. In other words, a declaration on one's honor as to nationality is sufficient to establish that element of claim eligibility. In the original claim form, Mrs. Schieber swore that the information in the application, including the information that her father was stateless, was true and correct. The affidavit which she signed and provided is in the form specifically required in accordance with the terms of the Agreement. *See* ECF No. 15-2, Article 6. Moreover, upon information and belief, the claims of other claimants who provided no more than sworn statements in support of their claims were approved by State, even where the Agreement did not specify a presumption of truth of a sworn statement as it does for such statements of nationality. Failure to treat Plaintiff Schieber in accordance with the terms of the Agreement and to treat her claim differently than those of other claimants whose sworn statements were accepted as true in lieu of documentary evidence was arbitrary and capricious.

12. Mrs. Schieber provided a second affidavit, again swearing that her father was stateless, that he passed away in 1964, and that she did not have a copy of his death certificate.

13. State has also arbitrarily and capriciously refused to accept basic principles of evidence. The Federal Rules of Evidence permit the admissibility of sworn affidavits by persons having personal knowledge of the facts. (Fed. R. Evid. 602). Affidavits are admissible to prove an asserted fact in the absence or unavailability of public documents that could establish that fact. (See also Fed. R. Evid. 803(10) and 1004 (b). After more than 55 years, no death certificate has been located. Mrs. Schieber has personal knowledge of the date of her father's death. State has not identified any public document relating to the death of her father that would contradict Mrs.

4

Schieber's sworn statement that he died in 1964.

14. In addition, undersigned counsel, Stephen Rodd ("Counsel"), representing Mrs. Schieber in connection with her claim, also provided to State a letter regarding the difficulty involved in trying to prove statelessness. In an analysis of the 1954 Convention Relating to the Status of Stateless Persons ("1954 Convention"), Carol Batchelor, Director of the Division of International Protection of the UN Refugee Agency stated "[p]roving statelessness is like establishing a negative. The individual must demonstrate something that is not there." No country issues a document saying that an individual is not a citizen of such country.

15. In its letter, Counsel also cited specific provisions in the *Handbook on Protection of Stateless Persons* published by the United Nations Human Rights Council. That handbook at Paragraph 91 concludes that a finding of "statelessness would be warranted where it is considered to a reasonable degree that an individual is not considered as a national by any State under operation of its law."

16. Article 1.1 of the 1954 Convention points out that a "stateless person" means a person who is not considered as a national by any State. There is typically no evidence, such as a passport or identity card, that State could have considered in determining that Mrs. Schieber's father was a national of any state.

17. State has no evidence or reason to dispute any of the information in the original claim form or any of the information provided in the affidavits submitted. State's decision that it simply does not believe Mrs. Schieber, without any evidence to impeach her claims, is arbitrary and capricious and contrary to established law and the terms of the Agreement.

18. The Agreement requires that claimant's statements of nationality in declarations of

honor be accepted. Sworn affidavits provided by Mrs. Schieber are sufficient to satisfy those requirements. The Agreement also requires State to take in to account the objectives of the Agreement, including in the first instance providing compensation to Holocaust deportation victims and families. State's actions in denying Plaintiff's claims violate the objectives of the Agreement and are clearly arbitrary and capricious and violate due process owed to Plaintiff.

19. No judicial deference is due in this case to State's conduct as an agency of the U.S. because the Rejection and process leading to its denial of Plaintiff's claim was not a reasonable interpretation of the Agreement or any policy or regulation of State applicable to its review of these claims.

## CLAIMS FOR RELIEF

20. Plaintiff repeats and realleges Paragraphs 1 – 19 as if fully set forth herein.

21. The facts alleged justify the overturning of the determination of State in the Rejection as arbitrary and capricious pursuant to the APA and in violation of due process.

22. The Rejection was a final action by the United States and its agency, State. Plaintiff has no other adequate remedy at law.

23. The Agreement by its terms supports the claims of this elderly Holocaust victim and the primary purpose of the Agreement, making "fair and speedy payments to now elderly victims" justifies a declaration that the claims of the Plaintiff should be approved.

24. Based on the documents, treatises and evidence presented to State, the conclusions set forth by State in the Rejection constitute arbitrary and capricious conduct and should be overturned. Plaintiff should be declared eligible to receive compensation from the Holocaust Deportation Fund.

**WHEREFORE,** Plaintiff requests that this Court:

1. Declare that the denial of Plaintiff's claim was arbitrary and capricious and should be overturned pursuant to the APA and DJA.

2. Declare that, pursuant to the DJA, Plaintiff's claims should be approved based on the evidence provided by Plaintiff and the failure of Defendant to honor the terms of the Agreement, particularly those defining eligibility and calling for fair and speedy payments to now elderly victims;

3. Declare that Plaintiff should receive compensation from the Holocaust Deportation Fund in the amount that would otherwise be paid to her had she been initially approved as eligible, including supplemental payments paid to all eligible claimants of the same claimant status as Plaintiff.

4. Grant such other and further relief as the Court shall deem just, equitable and proper.

Dated: May 18, 2021


By: _____ /s/ *Elisabeth Kidder*
**Marc E. Miller, DC Bar #948372**
mmiller@watkinsonmiller.com
**Elisabeth Kidder, DC Bar #987508**
lkidder@watkinsonmiller.com
Watkinson Miller PLLC
1100 New Jersey Avenue, SE
Suite 910
Washington, DC 20003
Main: (202) 842-2345 x230
*Attorneys for Plaintiff*

*Of Counsel*

**Harriet Tamen**
Law Offices of Harriet Tamen
212 East 39th Street
New York, NY 10016
(212) 284-5262
htamen@tamenlaw.com

and

**Stephen T. Rodd**
*Of counsel*
Abbey Spanier, LLP
212 East 39th Street
New York NY 10016
(212) 889-3700 x533
(917) 399-3108 (cell)
srodd@abbeyspanier.com
strodd47@gmail.com